IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Allen Ray Wilson, ) | |
| ) | |
| ) | Civil Action No. 6:14-3844-MGL-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Greenville County Sheriff's Office, ) | |
| *Unknown Sheriff's Deputy*, and ) | |
| John Crangle, *13th Circuit Public* ) | |
| *Defenders Office*, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff is a pre-trial detainee at the Greenville County Detention Center in Greenville, South Carolina. The plaintiff has brought suit against the Greenville County Sheriff's Office and a Public Defender for the Thirteenth Circuit Public Defenders Office. Under Local Civ. Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge.

This civil rights action arises out of the plaintiff's arrest and incarceration on September 8, 2014. The plaintiff states that someone needs to look at the arrest video to see that the arresting officer "charged" him with something that was not his and set him up by planting illegal drugs on him (doc. 1 at 2). He claims that the Sheriff's Office "looked over" the fact that the arresting officer "planted drugs" on him. The plaintiff argues that the Solicitor's Office should have viewed the arrest video and dismissed all of the charges. He states has been arrested twice on this charge and that he is now serving a bench warrant, two failure to appear charges, and two possession of controlled substance charges. The plaintiff complains of chronic pain, anxiety, sleeplessness being ten times worse in jail. He also claims that he has probably lost his SSI check, which is all the plaintiff has "to live on"

(*id*. at 2–3). After the plaintiff's arrest, he met with his attorney to discuss a discovery motion and court dates. However, the plaintiff complains of not having a preliminary hearing or speedy trial. He further states that he needs a good lawyer and that his current attorney basically told the plaintiff that he was guilty. For relief, the plaintiff requests compensation for all that he has lost and for pain and suffering (*id*. at 3).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint and attachments pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The plaintiff discloses that he was arrested on a bench warrant. The Public Index for the Greenville County Clerk of Court website (http://www.greenvillecounty.org/SCJD/PublicIndex/, last visited on Oct. 3, 2014) indicates that the plaintiff was indicted on May 21, 2013, for two counts of possession of a controlled substance in Indictment No. 2013-GS-23-02840 and Indictment No. 2013-GS-23-02841. *See Mitchell v. Newsom*, Civil Action No. 3:11-0869-CMC-PJG, 2011 WL 2162723, at *3 n.1 (D.S.C. May 10, 2011) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records), *adopted by* 2011 WL 2162184 (D.S.C. June 1, 2011).

The plaintiff was indicted on drug charges. As a result, his claims of false arrest fail. A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983. *See Provet v. South Carolina*, Civil Action No. 6:07-1094-GRA-WMC, 2007 WL 1847849, at *5 (D.S.C. June 25, 2007). Moreover, the plaintiff has not raised a valid claim of malicious prosecution on the two drug charges because the charges have not been resolved in his favor. *See McCormick v. Wright*, Civil Action No. 2:10-0033-RBH-RSC, 2010 WL 565303, at *3 (D.S.C. Feb. 17, 2010) ("Plaintiff has certainly not alleged the element that the state criminal charges against him have been resolved in his favor so a malicious prosecution claim appears to be premature.").

The plaintiff's arrest on the bench warrant also precludes a claim of false arrest. *See Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) ("a claim for false arrest may be considered only when no arrest warrant has been obtained"); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181–82 (4th Cir. 1996) (when the arresting official makes the arrest with a facially valid warrant, it is not false arrest).

Sheriff's Departments in South Carolina are state agencies, not municipal departments. *See* S.C. Code Ann. § 23-13-550. *See also Edwards v. Lexington Cnty. Sheriff's Dep't*, 688 S.E.2d 125, 127 n.1 (S.C. 2010) ("However, under South Carolina law, the sheriff and sheriff's deputies are State, not county, employees."). As a state agency, the Greenville County Sheriff's Office is immune from suit under the Eleventh Amendment. *Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State.").

The plaintiff's attorney, Public Defender John Crangle, is subject to summary dismissal because he has not acted under color of state law. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state or federal law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983.

3

*See Polk Cnty. v. Dodson*, 454 U.S. 312, 317–24 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980) (court-appointed attorney); and *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) (private attorney).

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The plaintiff's attention is directed to the notice on the next page.

October 7, 2014                                               s/ Kevin F. McDonald
Greenville, South Carolina                          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).