

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| ALLEN RAY WILSON,                             § | |
| Plaintiff,                             § | |
| § | |
| vs.                             § | CIVIL ACTION NO. 6:14-3844-MGL-KFM |
| § | |
| § | |
| GREENVILLE COUNTY SHERIFF'S        § | |
| OFFICE, UNKNOWN SHERIFF'S DEPUTY, § | |
| and JOHN CRANGLE, 13th Circuit Public § | |
| Defender's Office,                             § | |
| Defendants.                             § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
### AND DISMISSING THE ACTION WITHOUT PREJUDICE
### AND WITHOUT SERVICE OF PROCESS

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Plaintiff's action be dismissed without prejudice and without service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 7, 2014, and the Clerk entered Plaintiff's objections on October 24, 2013. The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff is currently a pre-trial detainee at the Greenville County Detention Center in Greenville, South Carolina. He was indicted on two counts of possession of a controlled substance. But, according to Plaintiff, the arresting officer planted the illegal drugs on him.

Although not entirely clear from the Complaint, it appears that Plaintiff may be bringing claims of false arrest and malicious prosecution under § 1983. But, because Plaintiff was indicted on the drug charges, the Magistrate Judge suggests that the claims must fail. The Court agrees. This is so because a grand jury indictment is affirmative evidence of probable cause. *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997) (stating that a grand jury indictment satisfies the Fourth Amendment's requirement that an arrest warrant must be based on probable cause). And, because there is probable cause, Plaintiff is unable to proceed on a false arrest or malicious prosecution claim. The Court adopts the other reasons that the Magistrate Judge gives in favor of dismissal, as well.

The Petitioner's objections are generally nothing more than a recitation of his complaint. But, the Magistrate Judge has already considered his claims and suggests that they be dismissed. The Court has come to the same conclusion.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court that Plaintiff's action against Defendants is **DISMISSED WITHOUT PREJUDICE** and without service of process.

**IT IS SO ORDERED**.

Signed this 28th day of October, 2014, in Spartanburg, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****
### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.